**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DERRICK LAVON BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:11-CV-085 |
| vs. | ) | |
| | ) | |
| OFFICER LANE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On December 16, 2010, Derrick Lavon Briggs was involved in a fight at the Allen

County Jail. As a result, the Disciplinary Hearing Committee ordered that he be placed in

segregation for 65 days. Briggs alleges that these four defendants denied him notice of the

charges against him, the opportunity to be present during the committee hearing, and the

opportunity to appeal the ruling against him. So now he has filed this lawsuit against them

pursuant to 42 U.S.C. § 1983 alleging that they denied him due process in connection with his

disciplinary hearing and placement in segregation.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a

complaint, for failure to state a claim upon which relief can be granted. Courts apply the same

standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his complaint, Briggs states that at the time of the fight, he had been convicted and was confined at the jail serving his sentence. As explained in *Sandin v. Conner*, 515 U.S. 472, 485 (1995), convicted prisoners are not entitled to receive due process before being placed in segregation. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* Because Briggs was not entitled to due process before being placed in segregation, it was unnecessary for any of these defendants to have provided him with a notice of disciplinary charges, with a hearing, or with an appeal.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: May 5, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT